Mr. Justice Van Orsdel
delivered the opinion of the Court.
This is an appeal by John Braadland, Limited, from a decision of the Commissioner of Patents refusing registration of a trademark to be used on canned sardines. The mark consists of the picture of a bear standing upright, holding a gun, with a scroll above in which appear- the words “Teddy Bear Brand.” The whole design is surrounded by an ornamental panel.
Registration was refused in view of certain existing registered marks, the most prominent one, which will be sufficient for this case, being that of the Northwestern Fisheries Company. Its mark consists of the picture of a bear having one foot resting upon a fish, the same being surrounded by ornamental scrolls and surmounted by the words “Pioneer Fishery.” It appears that the latter mark has only been used on canned salmon, but the registration includes all kinds of canned fish. The mark could therefore at any time in the. future be used upon canned sardines. The fact that the mark has not been used on sardines will not prohibit the owner from so using it at any time. Nonuser will not deprive the owner of the protection of the courts.
We agree with the Commissioner that the most striking feature of these marks is the representation of a bear. The superscription “Teddy Bear Brand,” instead of constituting a distinguishing characteristic of the mark, emphasizes the picture, which is the predominating feature of both marks. While there is no evidence of confusion, we think the similarity is so great as to cause confusion in the mind of the purchasing public. As was said in McLean v. Fleming, 96 U. S. 245, 24 L. ed. 828: “What degree of resemblance is necessary to constitute an infringement is incapable of exact definition, as applicable to all eases. All that courts of justice can do in that regard is to say that no trader can adopt a trademark so resembling that of another trader, as that ordinary purchasers, buying with ordinary caution, are likely to be misled.”
We think the likelihood of goods bearing either of these marks becoming known to the purchasing public as goods of *604 the Bear Brand is apparent, especially when the words used on appellant’s mark would tend to educate the public in that direction. We must, as best we can, foresee the impression that the purchasing public would get from using goods bearing these marks side by side on the shelves of the trader. As was said in Wayne County Preserving Co. v. Burt Olney Canning Co. 32 App. D. C. 279: “These marks, when appearing on the canned goods of the respective parties, exposed to the public on the shelves of the retailer, are so similar as to be likely to cause confusion; and where, as in this case, there is no evidence on that subject except the marks themselves, it is the duty of the court to protect the prior registrant and user from the probability of any such occurrence.”
The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. Affirmed.